IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED
AUG 30 2013
In The Office of the
Court Clerk RHONDA HALL

JONATHON ROGGOW and THERESA )
ROGGOW, husband and wife, )
)
)
Plaintiffs, )
)
versus )  Case No. CJ-2013-1106-TS
)
STATE FARM FIRE & CASUALTY )
COMPANY and CHUCK DAVIS, )
)
Defendants. )

## PETITION

Plaintiffs, Jonathon Roggow and Theresa Roggow (hereinafter "Plaintiffs"), for their claims against Defendants, State Farm Fire & Casualty Company (hereinafter "State Farm"), and Chuck Davis (hereinafter "Davis"), state as follows:

1. Plaintiffs are residents of Moore, located in Cleveland County, Oklahoma.

2. Defendant State Farm is a corporation incorporated under the laws of the State of Illinois, with its principle place of business in Bloomington, Illinois.

3. Defendant Davis is an insurance agent residing within the State of Oklahoma.

4. Defendant Davis owns and operates a State Farm agency, in Cleveland County, Oklahoma.

5. Plaintiffs entered into a contract of insurance with Defendant State Farm to provide coverage for their residence, household contents, and vehicles. Plaintiffs' insured property is located in Cleveland County, Oklahoma.

6. Plaintiffs purchased their homeowner's replacement cost policy of insurance through the offices of State Farm agent, Defendant Davis. At the time Plaintiffs purchased their

-1-


EXHIBIT 1

homeowner's policy with Defendant State Farm, Defendant Davis was an agent and/or ostensible agent of Defendant State Farm.

7. Defendant Davis was familiar with Plaintiffs, and had served as their primary insurance agent for their personal, home and auto insurance needs for several years. Defendant Davis advised Plaintiffs of the need to maintain replacement cost insurance on their home.

8. Plaintiffs relied on Defendant Davis's representations and purchased the same. Plaintiffs trusted and believed Defendant Davis had the requisite insurance agent skills and expertise to properly procure the replacement insurance coverage Plaintiffs requested.

9. Thereafter, Defendant State Farm issued the homeowner's replacement cost insurance policy of insurance (Policy No. 36-BB-F548-4) to the Plaintiffs.

10. State Farm represented to the Plaintiffs, directly and through its agent, Defendant Davis, that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiffs relied on said representations.

11. On or about the 20th day of May, 2013, Plaintiffs' property, which was insured by the subject homeowner's replacement cost policy of insurance, was heavily damaged as the direct result of a catastrophic tornado which struck Moore, Oklahoma.

12. Consequently, Plaintiffs properly and timely submitted a claim to Defendant State Farm for the property damage resulting from the May 20, 2013, tornado.

13. Defendant State Farm confirmed Plaintiffs' property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiffs' homeowner's replacement cost policy with State Farm.

14. Subsequently, Defendant State Farm paid portions of Plaintiffs' claim based on

the estimate which it prepared.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiffs entered into a contract of insurance with Defendant State Farm to provide coverage for their dwelling and personal property. The homeowner's replacement cost policy with Defendant State Farm was in full force and effect at all material times hereto.

16. Plaintiffs provided proper and timely notice to Defendant State Farm of their claims arising from the catastrophic tornado of May 20, 2013.

17. Plaintiffs have in all material ways, complied with the terms and conditions of the policy.

18. Defendant State Farm, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits to which they are entitled under the terms and conditions of the policy.

19. As a result of Defendant State Farm's breach of contract and other wrongful conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiffs adopt and re-plead paragraphs 1 through 19 above, and for their claim against Defendant State Farm further allege as follows:

20. Defendant State Farm owed a duty to Plaintiffs to deal fairly and in good faith.

21. Defendant State Farm breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

-3-

a.  failing to pay the full and fair amount for the property damage sustained by Plaintiffs from the May 20, 2013, tornado in accordance with the terms and conditions of their insurance policy;

b.  failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of their homeowner's replacement cost policy, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim;

c.  purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiffs under the terms and conditions of their insurance policy in violation of Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d.  purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim;

e.  forcing Plaintiffs to retain counsel to recover insurance benefits to which they were entitled under the terms and conditions of the insurance contract.

f.  failing to perform a fair and objective investigation of Plaintiffs' damages; and

g.  engaging in outcome oriented investigation and claim handling practices.

22.  Defendant State Farm's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. State Farm's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

23.  The conduct of Defendant State Farm, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

24.  As a direct result of Defendant State Farm's bad faith, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant State Farm.

25. As a result of Defendant State Farm's conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

26. Defendant State Farm's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

27. Plaintiffs further allege Defendant State Farm enjoyed increased financial benefits and ill gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

### THIRD CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

Plaintiffs adopt and re-plead paragraphs 1 through 27 above, and for their additional claims against Defendants Davis and State Farm do hereby and further allege as follows:

28. Defendant Davis was familiar with Plaintiffs. Plaintiffs had hired Defendant Davis as their primary insurance agent for their personal, home and auto insurance needs. In said capacity, Defendant Davis advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so their home and personal property would be replaced in the event their home was destroyed by a covered loss.

29. Plaintiffs relied on Defendant Davis's representations and annually purchased the suggested coverage paying the higher premiums for the same year in and year out for several years.

30. Defendant Davis procured the subject homeowner's replacement cost policy, providing for replacement cost coverage for Plaintiffs. At all times relevant hereto, Defendant Davis was an agent and/or ostensible agent of Defendant State Farm.

31. Defendant Davis owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for the Plaintiffs, and in the notification to the Plaintiffs of insurance coverage options.

32. Defendant Davis had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

33. Defendant Davis breached his duty owed to Plaintiffs and is liable to Plaintiffs because through the fault of Defendant Davis, the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

34. Defendant Davis breached his duty owed to Plaintiffs by:

a. Representing to Plaintiffs that the replacement cost policy they were being sold would serve to replace their home and personal property without any deduction for depreciation knowing such a statement was untrue;

b. Failing to disclose to Plaintiffs at the time he sold them their policy that the only way they could actually recover the replacement costs benefits was to first use a portion of their own money to replace the property first. And if they could not do so, they would never receive the replacement cost benefits they had paid extra for;

c. Procuring an insurance policy which did not actually serve to return their home and personal property to its pre-loss condition each were severely damaged by a covered loss;

d. Procuring a policy which did not accurately reflect the replacement cost of Plaintiffs' dwelling;

35. Defendant Davis had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions. Defendant Davis breached this duty by failing to inform Plaintiffs of

the limitations of the policy he had procured for Plaintiffs.

36. Defendant Davis was negligent and breached his duty owed to Plaintiffs by failing to monitor and review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

37. Plaintiffs assumed the policy of insurance procured and maintained by Defendant Davis conformed to their agreement with Defendant Davis.

38. Plaintiffs relied on Defendant Davis to procure and maintain appropriate and adequate coverage. Defendant Davis knew, or should have known, Plaintiffs relied on him to procure appropriate and adequate coverage, and it was foreseeable that the failure to procure appropriate and adequate coverages for Plaintiffs could unnecessarily expose them to significant harm, losses, and damages.

39. Defendant Davis is the agent and/or ostensible agent of Defendant State Farm, and Defendant State Farm is vicariously liable for the conduct of Defendant Davis.

40. As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

41. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

Plaintiffs adopt and re-plead paragraphs 1 through 41 above, and for their additional claims against Defendants Davis and State Farm do hereby and further allege as follows:

42. Defendant Davis had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options. Defendant Davis breached this duty by misrepresenting to Plaintiffs as follows:

   a. Representing to Plaintiffs that the replacement cost policy they were being sold would serve to replace their home and personal property without any deduction for depreciation knowing such a statement was untrue;

   b. Failing to disclose to Plaintiffs at the time he sold them their policy that the only way they could actually recover the replacement costs benefits was to first use a portion of their own money to replace the property first. And if they could not do so, they would never receive the replacement cost benefits they had paid extra for;

   c. The insurance coverage procured was truly one of "replacement";

   d. The amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' home;

   e. The amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their dwelling and personal property in the event their home was totally destroyed by a covered event;

   f. In the event Plaintiffs sustained a loss from a covered event their dwelling and personal property would be "replaced" as opposed to depreciated.

43. Plaintiffs relied on the above-referenced representations of Defendant Davis in purchasing and renewing their policy of insurance with State Farm;

44. As a result of Defendant Davis's breach of duty, Defendant Davis gained an advantage for himself by misleading Plaintiffs, to their prejudice. Defendant Davis misrepresented the nature of the insurance policy procured for Plaintiffs; Defendant Davis

misrepresented the policy as one which would provide appropriate and adequate coverage for Plaintiffs' home and personal property; and Defendant Davis misrepresented the policy as one which would cover to replace Plaintiffs' dwelling and personal property in the event their home was totally destroyed by a covered event.

45. Defendant Davis's misrepresentations constitute constructive fraud.

46. Plaintiffs were induced to accept and purchase the State Farm homeowners replacement cost policy by Defendant Davis's misrepresentations and constructive fraud.

47. Plaintiffs were misled by Defendant Davis's misrepresentations and constructive fraud.

48. Defendant Davis is the agent and/or ostensible agent of Defendant State Farm for purposes of these misrepresentations, and as such is vicariously liable for them.

49. As a result of the Defendants' constructive fraud and misrepresentation, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest. Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with Defendant Davis's misrepresentations.

50. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

Plaintiffs adopt and re-plead paragraphs 1 through 50 above, and for their additional claims against Defendants Davis and State Farm do hereby and further allege as follows:

51. The Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care,

skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage.

52. At the time the policy was sold, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement cost of Plaintiffs' dwelling. Defendants were then prohibited from writing more insurance than they considered necessary to cover the replacement cost of Plaintiffs' dwelling as determined at the time the subject policy was written.

53. Defendants negligently breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling.

54. Defendants' breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiffs having policy limits and corresponding premiums which did not accurately reflect the risks insured.

55. Defendants were further negligent and breached their duties by automatically applying State Farm's Inflation Coverage provision which was used to automatically increase Plaintiffs' policy limits and premiums, without any regard to whether or not the provision was necessary considering the dwelling's current valuation.

56. The conduct and inconsistencies referenced herein also violate Defendants' duties of good faith dealing implicit in the contract of insurance with Plaintiffs.

57. Defendants' duties and obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. Defendants' negligence in failing to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith. Defendants' conduct referenced herein constitutes both negligence and a breach of this duty of good faith

dealing.

58.     Defendants' negligent failure to procure the proper insurance product morally and legally requires they be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon them. This duty exists due to the forseeability of the harm to Plaintiffs which could occur as a result of their negligence in failing to underwrite or procure adequate and appropriate insurance; the negligent procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the negligent failure to procure and underwrite the correct policy lies with the Defendants. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct policy for the needs of the insured (with resulting liability for breach) is minimal, given the expertise of the Defendants, and their representations that they are experts in the field of providing insurance coverage to the general public, such as Plaintiffs.

59.     Plaintiffs relied on the Defendants to conduct an appropriate underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage.

60.     The Defendants negligently breached their duty owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing and/or renewing a policy of insurance to/for Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs. Defendant Davis was an agent, employee and/or ostensible agent of Defendant State Farm, and Defendant State Farm is vicariously liable for Defendant Davis's negligent breach of duty.

61.     As a result of the Defendants' negligent conduct, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

62. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

Plaintiffs adopt and re-plead paragraphs 1 through 62 above, and for their additional claims against Defendants Davis and State Farm further allege as follows:

63. A special relationship akin to that of a fiduciary duty exists between the Defendants and Plaintiffs stemming from the quasi-public nature of insurance, the unequal bargaining power between the Defendants and Plaintiffs, and the potential for Defendants to unscrupulously exert that power at a time when Plaintiffs are most vulnerable. As a result of this special relationship, the Defendants owed a fiduciary duty to their insured to act in a manner consistent with the interests of its insured.

64. A fiduciary relationship existed between Plaintiffs and Defendant Davis. The overmastering influence of Defendant Davis over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, Defendant Davis, which was justifiable given the pre-existing relationship between them, and Defendant Davis's assurance he could procure the insurance policy Plaintiffs requested, creates a fiduciary status with respect to Defendant Davis as it relates to Plaintiffs. Defendant Davis's duty to act reasonably given the specialized knowledge he possessed of the terms and conditions of insurance policies created such a special relationship as to make Defendant Davis a fiduciary.

65. The Defendants breached their fiduciary duties owed to the Plaintiffs.

66. As a result of the Defendants' breach of fiduciary duties, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of

-12-

Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

67. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiffs, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs pray for judgment in their favor and against Defendants, State Farm Fire and Casualty Company and Chuck Davis, for:

a) Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject State Farm policy for damage to their property caused by the May 20, 2013, tornado, with interest on all amounts due;

b) Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c) Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d) Actual and punitive damages each in an amount in excess of $75,000.00; and,

e) Prejudgment interests, costs and attorneys' fees.

Respectfully submitted,

*[signature]*

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
 cdulisse@marrlawfirm.com
*Attorneys for Plaintiffs*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**