IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHON and THERESA ROGGOW, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV 14-888-M |
| STATE FARM FIRE AND CASUALTY COMPANY and CHUCK DAVIS, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed September 17, 2014. On October 18, 2014, defendant State Farm Fire and Casualty Company ("State Farm") responded, and on November 7, 2014, after receiving leave of Court, State Farm filed its amended response. On October 10, 2014, plaintiffs replied. Also before the Court is State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand and Memorandum of Law of in Support, filed October 8, 2014. On October 29, 2014, plaintiffs filed their response, and on November 5, 2014, State Farm replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

On August 30, 2013, plaintiffs filed this instant action in the District Court of Cleveland County, State of Oklahoma. This action arises out of a claim plaintiffs made under their homeowners insurance policy, issued by State Farm, for damage to their home allegedly sustained from a tornado on or about May 20, 2013. Plaintiffs assert

1

claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing. Plaintiffs have also asserted the following claims against both State Farm and defendant Chuck Davis ("Davis"), an agent of State Farm: (1) negligence in the procurement of insurance, (2) constructive fraud and negligent misrepresentation, (3) negligence, and (4) breach of fiduciary duty. On August 18, 2014, State Farm removed this action to this Court, asserting that this Court has diversity jurisdiction because Davis has been fraudulently joined in this case in order to defeat federal diversity jurisdiction.

II. Motion to Remand

Plaintiffs now move this Court to remand this case back to the District Court of Cleveland County, State of Oklahoma. Specifically plaintiffs assert that (1) State Farm's removal is untimely, (2) State Farm has waived its right to remove this case to federal court, and (3) State Farm cannot carry its burden of showing that Davis was improperly joined.

The timeliness of State Farm's Notice of Removal is governed by 28 U.S.C. § 1446(b), which provides, in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
>        \*       \*       \*
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

2

> ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).

State Farm contends that neither plaintiffs' Petition nor discovery responses provided clear and unequivocal notice of the right to remove this case based on fraudulent joinder. State Farm further contends that it sought to develop evidence that Davis was fraudulently joined by attempting to schedule depositions of plaintiffs in order to determine the factual basis of their claims against Davis. State Farm contends that in an effort to keep their clients from being deposed, plaintiffs' counsel stated on the record at a July 21, 2014 hearing that State Farm did not need those depositions in order to remove the case. State Farm now contends that plaintiffs' counsel's statements at the hearing (the hearing transcript) constituted the "other paper" which allowed State Farm to intelligently ascertain removability.

Having carefully reviewed the parties' submissions, and assuming without deciding, that the propriety of removal was not apparent on the face of plaintiffs' Petition, the Court finds that plaintiffs' counsel's statements at the July 21, 2014, hearing do not qualify as the "other paper" from which defendants could have ascertained that this case had become removable. During the July 21, 2014 hearing, plaintiff's counsel stated that "[State Farm] can remove this case at any time within one year". Plfs.' Mot. to Remand

Ex 12, Transcript of July 21, 2014 Proceedings at 9. The Court finds that a complete review of the hearing transcript reveals that plaintiffs' counsel was referring to the statutory time limits on removal and, further, was stating that taking depositions was not a prerequisite to State Farm's decision whether to remove prior to the statutory deadline. The Court finds that removal was improper as nothing had occurred that would trigger State Farm's right to remove this case. Therefore, the Court finds that this action should be remanded back to the District Court of Cleveland County, State of Oklahoma.

III.  Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand

In the event this Court determines that the current record is not sufficient to establish the fraudulent joinder of Davis, State Farm moves the Court to allow it to take the depositions of plaintiffs, to submit an amended response to the motion to remand twenty days after the completion of the depositions, and to stay the Court's ruling on the motion to remand until after the amended response. Because the Court has determined that State Farm's removal was untimely, any issue related to the alleged fraudulent joinder of Davis is immaterial. Accordingly, the Court finds that Start Farm's motion to conduct jurisdictional discovery and stay of rulings should be denied.

IV.  Request for Attorney Fees and Costs

In their motion, plaintiffs move the Court for an award of their costs and attorney fees based upon State Farm's improper removal of this case. The United States Supreme Court has held: "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v.*

4

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Upon review of the parties' submissions, as well as the court file in this case, the Court finds that State Farm did not lack an objectively reasonable basis for its removal. Accordingly, the Court finds that plaintiffs should not be awarded their costs and attorney fees.

V.  Conclusion

For the reasons set forth above, the Court DENIES State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [docket no. 15], GRANTS Plaintiffs' Motion to Remand [docket no. 8], and REMANDS this case to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 1st day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE